**Dean A. Martin, Esq.**
Law Office of Dean A. Martin, Chtd.
Shoreline Center, Suite 100
1471 Shoreline Drive
Boise, Idaho 83702
Telephone (208) 853-0380
Facsimile (208) 386-9944
ISB No: 6586
Attorney for the Plaintiff

U.S. DISTRICT COURT
U.S BANKRUPTCY COURT
DISTRICT

NOV 23 2004

LODGED

17832

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY MORGAN,<br><br>        Plaintiff,<br><br>vs.<br><br>CORVEL HEALTHCARE<br>CORPORATION,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL**<br><br>CIV-04 595S-MHW |

The Plaintiff, MARY MORGAN, by and through her attorney of record, Dean A. Martin, of the Law Office of Dean A. Martin, Chartered, hereby alleges a Complaint against the Defendants CorVel Healthcare Corporation, for money due and owing, as follows:

## I.

## NATURE OF CASE

### Fair Labor Standards Act

1.    Plaintiff claims that Defendant violated the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* (FLSA). Plaintiff alleges that she consistently, throughout the course of her employment with Defendant, worked many hour in excess of forty hours in each week for which she was not paid at the overtime rate of one-and-one-half times her regular rate.

**ORIGINAL**

2.      Plaintiff alleges that Defendant's failure to properly pay her overtime for the hours she worked each week in excess of forty hours was willful, intentional and not in good faith.

3.      Plaintiff claims that she is entitled to recover the unpaid overtime during the course of her employment and that she is also entitled to recover liquidated damages.

## II.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

## III.

## PARTIES

6.      The Plaintiff MARY R. MORGAN is an individual who resides of Ada County, Idaho.

7.      That at all times herein mentioned, Defendant, CorVel Healthcare Corporation, (CorVel) a Corporation, was and now is a corporation duly organized and existing under the laws of the State of California.

8.      Defendant is qualified to do business in the State of Idaho, and is so transacting business in Boise, Ada County, Idaho.

9.      According to records filed with the Idaho Secretary of State, Defendant's registered agent is Prentice-Hall Corp System 1401 Shoreline Dr. Ste 2 Boise, ID  83702.

10.     Defendant employed more than fifty (50) employees for each working day during each of twenty or more calendar weeks in each calendar year relevant hereto.

## IV.

## FACTS

11.     Plaintiff was employed at the CorVel's Boise, Idaho office from August 1999 until she was terminated in July of 2003.

12.     Defendant hired Plaintiff as a Utilization Review Registered Nurse (URRN) and as such she was paid on an hourly basis as a non-exempt professional.

13.     Upon information and belief, during September 2002, Plaintiff received an hourly increase however Defendant also, unilaterally changed Plaintiff from non-exempt to exempt status.

14.     It is Plaintiff belief that at no time during her employment with Defendant did she ever receive a weekly salary in a fixed amount.

15.     At the time Defendant changed Plaintiff's designation from non-exempt to exempt there was no change in her work assignment or in the nature of the duties she performed.

16.     Despite the fact that Defendant classified Plaintiff as an exempt professional her actual job duties did not qualify her as an employee exempt from the overtime pay requirement of the FLSA.

17.     During her employment with Defendant, Plaintiff worked in excess of forty (40) hours in a workweek.

18.     At no time during her employment with Defendant was Plaintiff Mary paid overtime at the rate of one-and one-half for the overtime hours she worked.

19.     At no time during her employment with Defendant did Plaintiff customarily and regularly exercise discretionary powers in the day-to-day performance of her duties.

20.     At all time during her employment with Defendant Plaintiff a significant majority of Plaintiff's work was not directly and closely related to any exempt activities.

21.     On or about July 15, 2003, Plaintiff was fired form her employment with Defendant.

## V.

## PLAINTIFF'S CLAIM

### Violation of the Fair Labor Standards Act

22.     Plaintiff alleges paragraphs 1 through 21 above.

23.     The FLSA regulates, among other things, the payment of overtime pay by employers

whose employees are engaged in commerce, or engaged in the production of goods for

commerce or employed in an enterprise engaged in commerce on in the production of goods for

commerce. 29 U.S.C. § 207(a)(1).

24.     Defendant in a May 11, 2004 press release states:

> CorVel Corporation (NASDAQ-NMS:CRVL) (http://www.corvel.com) is
> a national provider of leading-edge services and solutions in the field of
> managed healthcare. CorVel specializes in applying information
> technology and e-commerce applications to improve healthcare
> management in the workers' compensation, group health, auto and
> disability management insurance markets. The Company provides
> networks of preferred providers, case management, utilization
> management, independent medical evaluations and medical bill review to
> more than 1,500 clients through its 3,225 associates and 180 offices in 49
> states. Leveraging its commitment to flexibility and personal service,
> CorVel delivers custom solutions for employers, insurers, third party
> administrators and government entities.

25.     Defendant as a national provider of medical cost containment and managed care services

is an "enterprise" within the meaning of the FLSA.

26.     Defendant is, and was at all relevant times, subject to the overtime pay requirements of

the FLSA.

27.     Section 7(a)(1) of the FLSA, 29 U.S.C. §207(a)(1), requires employers to pay non-

exempt employees who work longer that forty (40) hours in a workweek one and one-half time

the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40)

hours.  Defendant is, and was at all relevant times, subject to this requirement to pay non-exempt

employees who work longer that forty (40) hours in a workweek one and one-half time the

employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.

28.    Defendant violated the FLSA by failing to pay Plaintiff for the number of hours she was actually allowed to work in excess of forty (40) hours in a workweek at the applicable overtime rate.

29.    In addition, Defendant's conduct as described above, violated the FLSA by additional conduct which includes but is not limited to suffering and permitting Plaintiff to work without paying for all time worked in excess of forty (40) hours in a workweek at the applicable overtime rate.

30.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. The exemptions include employees who are paid on a salary basis and are employed in a bona fide executive, administrative or professional exemption. 29 U.S.C. § 213(a)(1). None of the exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid in accordance with Section 7 of the FLSA.

31.    Plaintiff is entitled to damages equal to the amount of overtime-premium pay within the three years preceding the filing of this complaint. Defendants' failure to pay Plaintiff was and is "willful" within the meaning of Section 6(a) of the Portal-to Portal Act 29 U.S.C. § 255(a), since Defendant did not act in good faith in failing to pay proper overtime pay and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, 29 U.S.C. §260. Accordingly, Plaintiff is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate. Attorney fees and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

## VI.

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby request that the trial in this matter be heard by a jury.

## VII.

## PRAYER

WHEREFORE Plaintiff pray for judgment against Defendant as follows:

1.      For damages against Defendant for Plaintiff, including but not limited to, compensation

for work time and liquidated damages and penalties, all in amounts to be proved at trail;

2.      For pre-judgment interest;

3.      For costs of litigation, including attorney's fees, pursuant to *inter alia*, 29 U.S.C. §

216(b);

4.      For such other and further relief as the Court deems proper.


DATED this ___19th___ day of November, 2004.


                              LAW OFFICE OF DEAN A. MARTIN, CHTD.

                              *Dean A. Martin, Esq.*

                              By: Dean A. Martin, Esquire

## VERIFICATION OF COMPLAINT

STATE OF IDAHO              )
                                    : ss

COUNTY OF ADA             )

      I, Mary Morgan, a resident of the State of Idaho hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and that the facts alleged are true and correct to the best of my knowledge and belief.

_____
Mary Morgan

      SUBSCRIBED AND SWORN to before me this _22nd_ day of November, 2004.

_____
NOTARY PUBLIC
Residing at: __Boise__
My Commission Expires: __11-20-09__

COMPLAINT AND DEMAND FOR JURY TRIAL
- 7

JS 44 (Rev. 6/97)

## CIVIL COVER SHEET
### VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF IDAHO

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS.)

**I. (a) PLAINTIFF(s)**   Please list and number each plaintiff

1. Mary Morgan
2.
3.
4.
5.
6.   Sum Issued

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:_____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEY(s)**   [Firm name, Address, Telephone and Fax Number(s)]

Dean A. Martin
Law Office of Dean A. Martin, Chtd
1471 Shoreline, Ste 100
Boise, Idaho 83702
(208) 853-0380
(208) 386-9944 fax

**(a) DEFENDANT(s)**   Please list and number each defendant

1. Corvel Healthcare Corporation
2.
3.
4.
5.
6.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:_____

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE   TRACT OF LAND INVOLVED.

**(c) ATTORNEY(s)**   [Firm name, Address, Telephone and Fax Number(s)]

U.S. DISTRICT ...
U.S. BANKRUPTCY ...
DISTRICT ...

NOV 23 2004

... B. ...
LODGED_____ FILED _____

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | | ☐ 2 | ☐ 2 Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | | ☐ 3 | ☐ 3 Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify) _____
☐ 6 Multidistrict Litigation
☐ 7 Magistrate Judgment
Appeal to District Judge from

**V. CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

FLSA 29 U.S.C. §201 et. seq.

**VI. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES   ☐ NO

---

**VII. RELATED CASE(S)** (See instructions):
**IF ANY**   JUDGE _____   DOCKET NUMBER _____

JS 44 (Rev. 6/97)

---

**VIII. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | | |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | | | | |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | | |
| ☐ 195 Contract Product Liability | | | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

---

**IX. STATE COURT REMOVALS:**

**(a)** List any parties which are no longer pending:

**(b)** Pursuant to Local Rule 7.1(e) list any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

| MOTION/DATE FILED | RESPONSE/DATE FILED | REPLY/DATE FILED |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

---

DATE   11-23-04

SIGNATURE OF ATTORNEY OF RECORD   *Sean A. Martin, Esq.*

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____