**Dean A. Martin, Esq.**
Law Office of Dean A. Martin, Chtd.
Shoreline Center, Suite 100
1471 Shoreline Drive
Boise, Idaho 83702
Telephone (208) 853-0380
Facsimile (208) 386-9944
ISB No: 6586
Attorney for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY R. MORGAN,<br><br>   Plaintiff,<br><br>vs.<br><br>CORVEL HEALTHCARE CORPORATION,<br><br>   Defendant. | 04-<br>Case No. CV-595<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff, MARY R. MORGAN, by and through her attorney of record, Dean A. Martin, of the Law Office of Dean A. Martin, Chartered, hereby alleges a Complaint against the Defendants CorVel Healthcare Corporation, for money due and owing, as follows:

### I.

### NATURE OF CASE

**Fair Labor Standards Act**

1.  Plaintiff claims that Defendant violated the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* (FLSA). Plaintiff alleges that she consistently, throughout the course of her employment with Defendant, worked many hour in excess of forty hours in each week for which she was not paid at the overtime rate of one-and-one-half times her regular rate.

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
- 1

2. Plaintiff alleges that Defendant's failure to properly pay her overtime for the hours she worked each week in excess of forty hours was willful, intentional and not in good faith.

3. Plaintiff claims that she is entitled to recover the unpaid overtime during the course of her employment and that she is also entitled to recover liquidated damages.

## II.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## III.

## PARTIES

6. The Plaintiff MARY R. MORGAN is an individual who resides of Ada County, Idaho.

7. That at all times herein mentioned, Defendant, CorVel Healthcare Corporation, (CorVel) a Corporation, was and now is a corporation duly organized and existing under the laws of the State of California.

8. Defendant is qualified to do business in the State of Idaho, and is so transacting business in Boise, Ada County, Idaho.

9. According to records filed with the Idaho Secretary of State, Defendant's registered agent is Prentice-Hall Corp System 1401 Shoreline Dr. Ste 2 Boise, ID 83702.

10. Defendant employed more than fifty (50) employees for each working day during each of twenty or more calendar weeks in each calendar year relevant hereto.

## IV.

## FACTS

11. Plaintiff was employed at the CorVel's Boise, Idaho office from August 1999 until she was terminated in July of 2003.

12. Defendant hired Plaintiff as a Utilization Review Registered Nurse (URRN) and as such she was paid on an hourly basis as a non-exempt professional.

13. Upon information and belief, during September 2002, Plaintiff received an hourly increase, however, Defendant also unilaterally changed Plaintiff from non-exempt to exempt status.

14. It is Plaintiff's belief that at no time during her employment with Defendant did she ever receive a weekly salary in a fixed amount.

15. At the time Defendant changed Plaintiff's designation from non-exempt to exempt there was no change in her work assignment or in the nature of the duties she performed.

16. Despite the fact that Defendant classified Plaintiff as an exempt professional, her actual job duties did not qualify her as an employee exempt from the overtime pay requirement of the FLSA.

17. During her employment with Defendant, Plaintiff worked in excess of forty (40) hours in a workweek.

18. At no time during her employment with Defendant was Plaintiff paid overtime at the rate of one-and one-half for the overtime hours she worked.

19. At no time during her employment with Defendant did Plaintiff customarily and regularly exercise discretionary powers in the day-to-day performance of her duties.

20. At all time during her employment with Defendant, a significant majority of Plaintiff's work was not directly and closely related to any exempt activities.

21. On or about July 10, 2003, Plaintiff was fired from her employment with Defendant.

## V.

## PLAINTIFF'S CLAIM

### Violation of the Fair Labor Standards Act

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

- 3 -

22. Plaintiff alleges paragraphs 1 through 21 above.

23. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce on in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

24. Defendant in a May 11, 2004 press release states:

> CorVel Corporation (NASDAQ-NMS:CRVL) (http://www.corvel.com) is a national provider of leading-edge services and solutions in the field of managed healthcare. CorVel specializes in applying information technology and e-commerce applications to improve healthcare management in the workers' compensation, group health, auto and disability management insurance markets. The Company provides networks of preferred providers, case management, utilization management, independent medical evaluations and medical bill review to more than 1,500 clients through its 3,225 associates and 180 offices in 49 states. Leveraging its commitment to flexibility and personal service, CorVel delivers custom solutions for employers, insurers, third party administrators and government entities.

25. Defendant as a national provider of medical cost containment and managed care services is an "enterprise" within the meaning of the FLSA.

26. Defendant is, and was at all relevant times, subject to the overtime pay requirements of the FLSA.

27. Section 7(a)(1) of the FLSA, 29 U.S.C. §207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half time the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Defendant is, and was at all relevant times, subject to this requirement to pay non-exempt employees who work longer that forty (40) hours in a workweek one and one-half time the

employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.

28. Defendant violated the FLSA by failing to pay Plaintiff for the number of hours she was actually allowed to work in excess of forty (40) hours in a workweek at the applicable overtime rate.

29. In addition, Defendant's conduct as described above violated the FLSA by additional conduct which includes, but is not limited to, suffering and permitting Plaintiff to work without paying for all time worked in excess of forty (40) hours in a workweek at the applicable overtime rate.

30. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. The exemptions include employees who are paid on a salary basis and are employed in a bona fide executive, administrative or professional exemption. 29 U.S.C. § 213(a)(1). None of the exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid in accordance with Section 7 of the FLSA.

31. Plaintiff is entitled to damages equal to the amount of overtime-premium pay during the course of her employment. Defendants' failure to pay Plaintiff was and is "willful" within the meaning of Section 6(a) of the Portal-to Portal Act 29 U.S.C. § 255(a), since Defendant did not act in good faith in failing to pay proper overtime pay and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, 29 U.S.C. §260. Accordingly, Plaintiff is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay; Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate. Attorney fees and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

**VI.**

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby request that the trial in this matter be heard by a jury.

## VII.
## PRAYER

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

1. For damages against Defendant for Plaintiff, including but not limited to, compensation for work time and liquidated damages and penalties, all in amounts to be proved at trial;

2. For pre-judgment interest;

3. For costs of litigation, including attorney's fees, pursuant to *inter alia*, 29 U.S.C. § 216(b);

4. For such other and further relief as the Court deems proper.

DATED this ___1st___ day of December, 2004.

LAW OFFICE OF DEAN A. MARTIN, CHTD.

*/s/ Dean A. Martin, Esq.*
By: Dean A. Martin, Esquire

## VERIFICATION OF COMPLAINT

STATE OF IDAHO      )
                    : ss
COUNTY OF ADA       )

I, MARY R. MORGAN, a resident of the State of Idaho hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and that the facts alleged are true and correct to the best of my knowledge and belief.

_____
MARY R. MORGAN

SUBSCRIBED AND SWORN to before me this ___ day of December, 2004.

_____
NOTARY PUBLIC
Residing at: Lake Buena Vista, Florida
My Commission Expires: April 2, 2008


Debra F. Sullivan
My Commission DD304145
Expires April 02, 2008

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
- 7